**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| GLEN HOLLAND, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| MARCHANT SCHMIDT, INC., | ) | |
| Serve: Registered Agent | ) | |
| Thomas Flenz | ) | |
| 1341 Tuckaway Court | ) | |
| Menasha, WI 54952 | ) | |
| | ) | |
| *Defendant*. | ) | |

## COMPLAINT

For his Complaint against Defendant Marchant Schmidt, Inc., ("Marchant Schmidt"), Plaintiff Glen Holland states as follows:

## PARTIES

1. Plaintiff is a resident of Campbellsport, Wisconsin. Beginning in 2010, and for approximately 16 years leading up to the termination of his employment, Plaintiff was employed by Defendant Marchant Schmidt at its facility in Fond du Lac, Wisconsin.

2. Defendant Marchant Schmidt is a corporation organized and existing under the laws of the state of Wisconsin, with a principal place of business in Fond du Lac, Wisconsin. Marchant Schmidt can be served through its registered agent, Thomas Flenz, at 1341 Tuckaway Court, Menasha, WI 54952.

## JURISDICTION AND VENUE

3. Plaintiff's claims are brought pursuant to the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, the Americans with Disabilities Act, as amended

(“ADA”), 42 U.S.C. §§ 12101, *et seq.*, and the Family and Medical Leave Act (“FMLA”), 29 U.S.C. §§ 2601, *et seq.* This Court has jurisdiction over Plaintiff’s claims pursuant to 28 U.S.C. § 1331.

4. The venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff’s claims occurred in this district.

## FACTUAL ALLEGATIONS

5. In 2010, Marchant Schmidt hired Plaintiff as a Mechanical Design Engineer to work at its facility in Fond du Lac, Wisconsin.

6. In or around 2016, Plaintiff was promoted to Senior Mechanical Design Engineer.

7. Plaintiff’s day-to-day role involved a number of tasks and responsibilities that could be characterized as engineering, design, and project management.

8. For much of Plaintiff’s adult life, he has suffered from anxiety and depression.

9. In December 2025, as Plaintiff’s mental health worsened, his doctor recommended that he take some time off work to better manage his symptoms.

10. Around December 17, 2025, following his doctor’s advice, Plaintiff requested a month of leave pursuant to the FMLA.

11. Defendant granted Plaintiff’s request for leave.

12. Upon his return to work in January 2026, Plaintiff’s doctor recommended that he not work more than a standard full-time, 40-hour/week schedule.

13. Prior to his doctor’s recommendation, Plaintiff rarely had to work over 40 hours/week.

14. Because he typically did not work over 40 hours in a week anyway, Plaintiff thought that Marchant Schmidt should be able to accommodate his doctor's recommended schedule without much trouble.

15. To Plaintiff's surprise, when he requested an accommodation of not working over 40 hours in a week, the company told him they would not be able to accommodate him.

16. After Defendant told Plaintiff it would not accommodate him, Plaintiff went back to his doctor and received clearance to work over 40 hours in a week if necessary.

17. Throughout the rest of Plaintiff's tenure, he did not have to work over 40 hours in a week.

18. Defendant's refusal to accommodate Plaintiff's reasonable request in January seemed to set the tone for the remainder of his tenure, with the company assuming he was not up to the job.

19. Around April 23, 2026, Plaintiff was told his employment was being terminated.

20. Defendant told Plaintiff he was being let go as part of a Reduction in Force ("RIF").

21. In the months leading up to Plaintiff's termination, Defendant had hired four new employees to work on engineering and project management tasks very similar to the work Plaintiff did.

22. All four new hires were much younger than Plaintiff.

23. Shortly after the four new hires were onboarded, the supposed RIF included Plaintiff and another senior employee in his late 50s or early 60s, who had been with the company for around 17 years.

24. ***Exhaustion of Administrative Remedies***. On August 21, 2026, Plaintiff filed a Charge of Discrimination with the EEOC on his claims.

25. On September 24, 2026, the EEOC issued Plaintiff a Notice of Right to Sue on his claims for disability discrimination, age discrimination, and retaliation.

**<u>COUNT I – AGE DISCRIMINATION (ADEA)</u>**

26. Plaintiff incorporates the allegations above as if fully set forth herein.

27. Plaintiff is a former employee of Defendant who is 60 years of age and entitled to the rights and protections of the ADEA.

28. In late 2025, Defendant hired four new engineers and project managers into Plaintiff's department who were much younger than Plaintiff, and who performed similar job duties to Plaintiff.

29. On or around April 23, 2026, Plaintiff's employment was terminated, along with another coworker in his department who was around the same age as Plaintiff.

30. The timing and circumstances of Plaintiff's termination, including occurring shortly after the company hired younger people into a similar role, and in conjunction with another older employee around Plaintiff's age being terminated, create an inference that Plaintiff's termination was a result of unlawful age discrimination.

31. Defendant's discriminatory conduct has directly and proximately caused Plaintiff to suffer damages, including lost wages and benefits, garden variety mental and emotional distress, humiliation, embarrassment, and frustration.

32. Defendant's discriminatory conduct was done with malice and reckless indifference to Plaintiff's protected rights, such that Defendant is liable for punitive damages in an amount sufficient to punish and deter it and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff Glen Holland respectfully requests that the Court enter judgment in his favor on Count I and against Defendant Marchant Schmidt, Inc., for damages to be proven

at trial, for pre- and post-judgment interest, for reasonable attorneys' fees and expenses, and for such other and further relief as the Court deems just and proper under the circumstances.

**<u>COUNT II – DISABILITY DISCRIMINATION (ADA)</u>**

33. Plaintiff incorporates the allegations above as if fully set forth herein.

34. Plaintiff is a former employee of Defendant who is entitled to the rights and protections of the ADA.

35. Plaintiff has suffered from anxiety and depression for much of his adult life, a set of conditions that qualify as a disability under the ADA because they constitute an impairment that substantially limits him in the major life activity of working.

36. On or around April 23, 2026, Defendant terminated Plaintiff's employment

37. The timing and circumstances of Plaintiff's termination, including occurring within a few months after Plaintiff requested a period of medical leave to deal with his disability and shortly after Defendant rejected Plaintiff's requested accommodation of not being required to work overtime, create an inference that Plaintiff was terminated because of his disability in violation of the ADA.

38. Defendant's discriminatory conduct has directly and proximately caused Plaintiff to suffer damages, including lost wages and benefits, garden variety mental and emotional distress, humiliation, embarrassment, and frustration.

39. Defendant's discriminatory conduct was done with malice and reckless indifference to Plaintiff's protected rights, such that Defendant is liable for punitive damages in an amount sufficient to punish and deter it and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff Glen Holland respectfully requests that the Court enter judgment in his favor on Count II and against Defendant Marchant Schmidt, Inc., for damages to be proven

at trial, for pre- and post-judgment interest, for reasonable attorneys' fees and expenses, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT III – RETALIATION (ADA)

40. Plaintiff incorporates the allegations above as if fully set forth herein.

41. Plaintiff is a former employee of Defendant who is entitled to the rights and protections of the ADA.

42. In late 2025, and in the first few months of 2026, Plaintiff engaged in protected activity under the ADA when he requested the reasonable accommodations of a period of medical leave followed by a request that he not be required to work overtime, at his doctor's recommendation.

43. On or around April 23, 2026, Plaintiff's employment was terminated.

44. The timing and circumstances of Plaintiff's termination, including occurring shortly after Plaintiff engaged in protected activity when he requested a reasonable accommodation for his disability, create an inference that Plaintiff's termination was a result of unlawful retaliation in violation of the ADA.

45. Defendant's retaliatory conduct has directly and proximately caused Plaintiff to suffer damages, including lost wages and benefits, garden variety mental and emotional distress, humiliation, embarrassment, and frustration.

46. Defendant's retaliatory conduct was done with malice and reckless indifference to Plaintiff's protected rights, such that Defendant is liable for punitive damages in an amount sufficient to punish and deter it and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff Glen Holland respectfully requests that the Court enter judgment in his favor on Count III and against Defendant Marchant Schmidt, Inc., for damages to be proven

at trial, for pre- and post-judgment interest, for reasonable attorneys' fees and expenses, and for such other and further relief as the Court deems just and proper under the circumstances.

**COUNT IV – RETALIATION (FMLA)**

47. Plaintiff incorporates the allegations above as if fully set forth herein.

48. Plaintiff is a former employee of Defendant who is 60 years of age and entitled to the rights and protections of the FMLA.

49. In late 2025, Plaintiff engaged in protected activity under the FMLA when he requested approximately one month of FMLA leave to deal with his own serious health condition.

50. On or around April 23, 2026, Plaintiff's employment was terminated.

51. The timing and circumstances of Plaintiff's termination, including occurring shortly after Plaintiff's protected activity of taking FMLA leave, create an inference that Plaintiff's termination was a result of unlawful retaliation in violation of the FMLA.

52. Defendant's retaliatory conduct has directly and proximately caused Plaintiff to suffer damages, including lost wages and benefits.

53. Defendant's retaliatory conduct was not done in good faith, such that Defendant is liable for liquidated damages in an amount equal to any award of back pay.

WHEREFORE, Plaintiff Glen Holland respectfully requests that the Court enter judgment in his favor on Count IV and against Defendant Marchant Schmidt, Inc., for damages to be proven at trial, for pre- and post-judgment interest, for reasonable attorneys' fees and expenses, and for such other and further relief as the Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all causes of action and claims with respect to which they have a right to trial by jury.

Dated: October 30, 2026

**HKM EMPLOYMENT ATTORNEYS LLP**


*/s/ Kevin A. Todd*
Kevin A. Todd, WI No. 1141548
ktodd@hkm.com
790 N. Milwaukee Street, Ste. 315
Milwaukee, WI 53202
404.340.4472